1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
      jgoodman@gnhllp.com
2  Paige P. Yeh, ESQUIRE – State Bar #229197
      pyeh@gnhllp.com
3  GOODMAN NEUMAN HAMILTON LLP
   One Post Street, Suite 2100
4  San Francisco, California 94104
   Telephone: (415) 705-0400
5  Facsimile: (415) 705-0411

6  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.
7  (erroneously sued herein as "Home Depot")

8

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA

| JERRY JENKINS,                  | Case No.                                                                                                 |
|---------------------------------|----------------------------------------------------------------------------------------------------------|
|                      Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332** |
| vs.                             |                                                                                                          |
| HOME DEPOT, DOES 1 to 10,       |                                                                                                          |
|                     Defendants. | **JURY TRIAL DEMANDED**                                                                                  |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. (hereinafter "Home Depot"), by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Sacramento, to the United States District Court, Eastern District of California, for the reasons described below:

1. Home Depot is a named defendant in a civil action pending against it in the Sacramento County Superior Court, entitled *Jerry Jenkins v. Home Depot,* Case No. 34-2022-00314971.

2. Home Depot was served with Plaintiff Jerry Jenkins' ("Plaintiff") Complaint on February 10, 2022. A true and correct copy of the Summons and Complaint

-1-
NOTICE OF REMOVAL

1 is attached as **Exhibit A.**

2     3.      Home Depot filed its Answer on March 11, 2022. A true and correct copy
3 of the filed answer is attached as **Exhibit B.**

4     4.      Venue is proper in this Court because the boundaries of the United States
5 District Court for the Eastern District of California, pursuant to 28 U.S.C. § 84(b),
6 includes Sacramento County.

7     5.      Following the filing of this Notice of Removal of Action, written notice of
8 this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the
9 Superior Court of California for the County of Fresno, in accordance with 28 U.S.C.
10 § 1446(d).

11                                            **JURISDICTION**

12     6.      This is a civil action over which this Court has original jurisdiction under
13 28 U.S.C. § 1332. This case may be removed to this Court by Home Depot pursuant to
14 the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been
15 commenced in federal court based on diversity of citizenship.

16     7.      Diversity jurisdiction applies for the following reasons:

17         a.      Plaintiff is a resident of the State of California.

18         b.      Both at the time this action was commenced and at this time, Home
19 Depot was incorporated in Delaware and has its principal place of business in Georgia.
20 Home Depot's corporate offices are located in Atlanta, Georgia, where its finance,
21 accounting, purchasing, treasury, marketing, training, human resources, information
22 systems, internal audit, and legal departments are located, making policy decisions that
23 affect the entire company. "'[P]rincipal place of business' refers to the place where a
24 corporation's officers direct, control, and coordinate the corporation's activities… i.e., the
25 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).) "For
26 purposes of removal… the citizenship of defendants sued under fictitious names shall be
27 disregarded." (28 U.S.C. §1441(a).)

28     8.      Plaintiff's Statement of Damages, which was served on Home Depot on

Goodman Neuman Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1  March 14, 2022, seeks damages in excess of $75,000.

2      9.    Based on the foregoing, the matter is removable pursuant to 28 U.S.C.
3  §§ 1332 and 1446(b).

4      WHEREFORE, the undersigned requests that the action described above be
5  removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C.
6  § 1441, et seq.

## DEMAND FOR JURY TRIAL

Home Depot demands a jury trial of 8 jurors pursuant to Federal Rules of Court, Rule 48.

DATED:  April 1, 2022        GOODMAN NEUMAN HAMILTON LLP

By:  /s/ Paige P. Yeh
PAIGE P. YEH
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Goodman Neuman Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA 94104
Tel.: (415) 705-0400

# EXHIBIT A

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
Superior Court Of California,
Sacramento
02/04/2022
mwhitaker
By_____, Deputy
Case Number:
**34-2022-00314971**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOME DEPOT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JERRY JENKINS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER** *(Número del Caso):*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California
720 9th Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher L. Kreeger (SBN-148949)  Kreeger Law Firm
3500 Douglas Boulevard, Suite 160 (916) 782-8400
Roseville, CA 95661

DATE: FEB - 4 2022   Clerk, by **M. WHITAKER**, Deputy
*(Fecha)*                 *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Home Depot
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2/10/2022

Page 1 of 1
Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Jenkins, Jerry

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher L. Kreeger (SBN-148949)<br>Kreeger Law Firm<br>3500 Douglas Boulevard, Suite 160<br>Roseville, CA 95661<br>TELEPHONE NO.: (916) 782-8400   FAX NO. (Optional): (916) 782-8401<br>E-MAIL ADDRESS (Optional): Chris@Kreegerlaw.com<br>ATTORNEY FOR (Name): JERRY JENKINS | FILED<br>Superior Court Of California,<br>Sacramento<br>02/02/2022<br>mwhitaker<br>By_____, Deputy<br>Case Number:<br>34-2022-00314971 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Courthouse

PLAINTIFF: JERRY JENKINS

DEFENDANT: HOME DEPOT

[X] DOES 1 TO 10

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE    ☐ OTHER (specify):
  ☐ Property Damage   ☐ Wrongful Death
  [X] Personal Injury   ☐ Other Damages (specify):

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

1. Plaintiff (name or names): JERRY JENKINS

   alleges causes of action against defendant (name or names): HOME DEPOT

2. This pleading, including attachments and exhibits, consists of the following number of pages: FOUR
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
CEB Essential Forms
ceb.com

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Jenkins, Jerry

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant (name):
      HOME DEPOT
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-5 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 6-10 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☒ Premises Liability
    f. ☐ Other *(specify)* :

11. Plaintiff has suffered
    a. ☐ wage loss
    b. ☐ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☐ other damage *(specify)* :

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 1/28/22

CHRISTOPHER L. KREEGER
(TYPE OR PRINT NAME) ▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]
CEB Essential Forms
ceb.com

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Jenkins, Jerry

Page 3 of 3

| __FIRST__ | CAUSE OF ACTION - Premises Liability | Page _4_ |
| (number) | | |

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1. Plaintiff** *(name):* JERRY JENKINS
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* 06/26/2021   plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*
Plaintiff was a paying guest at HOME DEPOT on Howe Avenue, in Sacramento, California, County of Sacramento. While shopping in the garden center Plaintiff slipped and fell due to water on the floor.

**Prem.L-2.** [X] **Count One–Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
HOME DEPOT

[X] Does __1__ to __10__

**Prem.L-3.** [X] **Count Two–Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):* HOME DEPOT

[X] Does __1__ to __10__
Plaintiff, a recreational user, was [ ] an invited guest [X] a paying guest.

**Prem.L-4.** [ ] **Count Three–Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

[ ] Does ____ to ____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

**Prem.L-5. a.** [ ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

[ ] Does ____ to ____
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b    [ ] as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
CEB Essential Forms
CAUSE OF ACTION - Premises Liability
Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Jenkins, Jerry

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher L. Kreeger (SBN- 148949)<br>Kreeger Law Firm<br>3500 Douglas Boulevard, Suite 160<br>Roseville, CA 95661<br>TELEPHONE NO.: (916) 782-8400  FAX NO. (Optional): (916) 782-8401<br>E-MAIL ADDRESS: Chris@Kreegerlaw.com<br>ATTORNEY FOR (Name): JERRY JENKINS | FILED<br>Superior Court Of California,<br>Sacramento<br>02/02/2022<br>mwhitaker<br>By_____, Deputy<br>Case Number:<br>**34-2022-00314971** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Courthouse

CASE NAME: JERRY JENKINS
HOME DEPOT

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case  [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/28/2022

CHRISTOPHER L. KREEGER   ▶ /s/
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

Jenkins, Jerry

# EXHIBIT B

FILED
Superior Court Of California,
Sacramento
03/11/2022
cleurgans
By_____, Deputy
Case Number:
34-2022-00314971

JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
  jgoodman@gnhllp.com
Paige P. Yeh, ESQUIRE – State Bar #229197
  pyeh@gnhllp.com
GOODMAN NEUMAN HAMILTON LLP
One Post Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC.
(erroneously sued herein as "Home Depot")

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| JERRY JENKINS,<br><br>                    Plaintiff,<br><br>vs.<br><br>HOME DEPOT, DOES 1 to 10,<br><br>                    Defendants. | Case No. 34-2022-00314971<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed: February 2, 2022<br>Trial date: Not set<br><br>BY FAX |

Defendant HOME DEPOT U.S.A., INC. (hereinafter "Defendant"), erroneously sued herein as "HOME DEPOT," in answer to the unverified Complaint of Plaintiff JERRY JENKINS ("Plaintiff"), denies each and every, all and singular, allegations of the Complaint, and denies that Plaintiff has been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all, as the result of any act or omission of this answering Defendant.

**FIRST AFFIRMATIVE DEFENSE**

**Comparative Fault/Negligence of Plaintiff**

This answering Defendant alleges that Plaintiff was himself careless and negligent in and about the matters alleged in the Complaint, and that this carelessness and negligence on Plaintiff's own part contributed as a proximate cause to the happening of

-1-

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

the incident, the injuries, and loss and damage complained of, and any recovery by Plaintiff should be reduced or eliminated based upon her comparative fault.

### SECOND AFFIRMATIVE DEFENSE
### Comparative Fault/Negligence of Others

As a separate and further affirmative defense, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff were the negligence and fault of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

### THIRD AFFIRMATIVE DEFENSE
### Failure to State a Cause of Action

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE
### Lack of Personal Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

### FIFTH AFFIRMATIVE DEFENSE
### Lack of Subject Matter Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject matter jurisdiction over Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### Lack of Capacity

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint contains a defect in the parties whereby Plaintiff or certain Plaintiffs

Goodman Neuman Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA 94104
Tel.: (415) 705-0400

-2-
DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

lack capacity to sue for those claims set forth therein.

## SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint arises from a misjoinder of named parties whereby Plaintiff lacks the capacity to sue for those claims set forth therein. Such misjoinder will result in prejudice to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

## NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff or certain Plaintiffs are not the real parties in interest, and lack standing to bring the claims set forth therein.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate his damages. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Any recovery by Plaintiff should be reduced or eliminated due to his failure to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Spoliation of Evidence

As a separate and further affirmative defense, this answering Defendant alleges

-3-
DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

that Plaintiff, either intentionally or negligently, failed to preserve the primary evidence relevant to this litigation, thus failing to afford this answering Defendant an opportunity to inspect such evidence, thereby severely prejudicing Defendant. Plaintiff is therefore barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

### TWELFTH AFFIRMATIVE DEFENSE

### Doctrine of Laches

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendant and this action is therefore barred by reason of the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

### Assumption of Risk

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of risk involved, assumed the risk of damages to himself.

### FOURTEENTH AFFIRMATIVE DEFENSE

### Causation

As a separate and further affirmative defense, this answering Defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

### No Notice of Dangerous Condition

As a separate and further affirmative defense, this answering Defendant alleges that they had no notice, or inadequate notice, of any dangerous conditions that may or may not have existed at the time of the losses alleged by Plaintiff, such that any preventative measures could have been taken.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Statute of Limitations

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint of Plaintiff is barred by the statute of limitations stated in Part 2, Title 2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335, and continuing through Section 349.4 and, more particularly, but not limited to, Sections 337, 337.1, 337.15, 337.5, 338, 339, 340 and/or 343.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Workers' Compensation – Exclusive Remedy

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff was, at all relevant times, a special employee of Defendant and acting in the course and scope of that special employment, and that this action is therefore barred by the exclusive remedy provisions of the Workers' Compensation Act, as contained in California Labor Code sections 3600, 3601, and 3602.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### Reduction of Workers' Compensation Lien

As a separate and further affirmative defense, this answering Defendant alleges that at all times material herein, the Plaintiff was in the course and scope of his employment and that Plaintiff and his employer were subject to the provisions of the Workers' Compensation Act of the State of California; that certain sums have been paid to or on behalf of Plaintiff herein under the applicable provisions of the Labor Code of the State of California; that Plaintiff's employer and Plaintiff's co-employees were negligent and careless and that such negligence and carelessness proximately contributed to and caused the injuries of Plaintiff, if any; and that under the doctrine of *Witt v. Jackson* such negligence and carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-Intervention which may be made for reimbursement of Workers' Compensation benefits paid to or on behalf of Plaintiff.

///

## NINETEENTH AFFIRMATIVE DEFENSE

### Apportionment

As a separate and further affirmative defense, this answering Defendant alleges that if they are found liable for any injury and damage to Plaintiff, then said liability, if any, must be limited to this answering Defendant's proportionate share of fault, if any there be, pursuant to Code of Civil Procedure Section 1431.2.

## TWENTIETH AFFIRMATIVE DEFENSE

### Alteration

As a separate and further affirmative defense, this answering Defendant alleges that the subject products/services/work identified in the Complaint were misused, modified, altered and/or subjected to certain treatment by Plaintiff and/or other unknown individuals or entities which substantially changed the performance, application characteristics, composition and formulation of the subject products after they left this answering Defendant's custody and control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Compliance with Standards

As a separate and further affirmative defense, this answering Defendant alleges that the methods and procedures they employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry, at all times mentioned herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Reservation of Rights

As a separate and further affirmative defense, this answering Defendant alleges that Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

### TWENTY-THRID AFFIRMATIVE DEFENSE

#### Estoppel

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff has waived and/or is estopped from alleging the matters set forth in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### Discharge of Duties

As a separate and further affirmative defense, this answering Defendant alleges that, prior to the commencement of this action, this answering Defendant duly performed, satisfied and discharged all of its duties and obligations arising out of any and all agreements, representations or contracts made by them.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### Trivial Defect

As a separate and further affirmative defense, this answering Defendant alleges that the claims asserted in the Complaint are barred by the trivial defect doctrine.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### Statute of Frauds

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint and each of cause of action thereof, is barred by the Statute of Frauds.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### Waiver

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint and each of cause of action thereof, is barred by Waiver.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### Unclean Hands

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff is barred from recovery by reason of his unclean hands.

///

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### Proposition 51

As a separate and further affirmative defense, this answering Defendant alleges that if this answering Defendant is found liable for any injury and damage to Plaintiff, then said liability for non-economic damages to Plaintiff must be limited to this answering Defendant's proportionate share of fault, if any there be, as defined by Cal. Civil Code Section 1431.2, et seq.

### THIRTIETH AFFIRMATIVE DEFENSE

### Res Judicata

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Res Judicata.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### Collateral Estoppel

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Collateral Estoppel.

WHEREFORE, Defendant prays:

1. Plaintiff takes nothing against it by his Complaint;
2. Defendant has judgment for its costs of suit; and
3. Such other and further relief as the court deems just and proper.

DATED: March 11, 2022                    GOODMAN NEUMAN HAMILTON LLP

By: _____
JOSHUA S. GOODMAN
PAIGE P. YEH
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Goodman Neuman Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA 94104
Tel.: (415) 705-0400

-8-

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

**CASE NAME:** *Jenkins, Jerry v. Home Depot*
**CASE NUMBER:** 34-2022-00314971
**DATE OF SERVICE:** March 11, 2022

**DESCRIPTION OF DOCUMENTS SERVED:**

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**SERVED ON THE FOLLOWING:**

Christopher L. Kreeger
Kreeger Law Firm
3500 Douglas Blvd., Ste. 160
Roseville, CA 95661
T: (916) 782-8400 / F: (916) 782-8401
chris@kreegerlaw.com
*Attorneys for Plaintiff*

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above:

    **BY ELECTRONIC TRANSMISSION ONLY:** Pursuant to Code of Civil Procedure section 1010.6(e)(1), I caused a copy of the above document(s) to be sent to the person(s) at the e-mail address(es) listed above by electronic transmission. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

Marisol Rosario